UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCHILEW JEMBER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No.17-cv-03883-BLF (HRL)<br><br>**INTERIM ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 1-7 |

Pro se plaintiff Aschilew Jember ("Jember") sues Defendants Santa Clara County, Valley Medical Hospital, and fifteen individuals. Dkt. No. 1. Jember has applied for leave to proceed *in forma pauperis* ("IFP") and has declined magistrate judge jurisdiction. Dkt. Nos. 7, 9. For the reasons explained below, the undersigned orders Jember to file a completed IFP application and recommends that the newly assigned district judge dismiss his complaint pursuant to 28 U.S.C. Section 1915(e).

A court may grant an application to proceed *in forma pauperis* and permit a plaintiff to prosecute a suit in federal court without prepayment of the filing fees if the court determines that the applicant cannot pay such fees. 28 U.S.C. § 1915(a). The court, however, is under a continuing duty to dismiss a case filed without prepayment of the filing fee whenever it determines that the action is "frivolous or malicious; [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 409 U.S. 319, 324 (1989). Complaints must also comply with Rule 8 of the Federal Rules of Civil Procedure, which "requires each averment of a pleading to be simple, concise, and direct, stating which defendant is liable to the plaintiff for which wrong." *Chambers v. Los Angeles County*, 474 F. App'x 576 (9th Cir. 2012) (citing *McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996)).

The IFP application filed by Jember is incomplete. Jember does not state whether he owns

an automobile, whether he has a bank account, or whether he owns any cash. He also left the fields for his monthly expenses and other debts blank. As a result, the undersigned cannot determine whether Jember is eligible to proceed IFP and orders him to re-submit a completed application.

In his complaint, Jember alleges that Defendants have financed and engaged in a "systematic murder plot against Jember for 22 years." Dkt. No. 1. Though the complaint is mostly unclear, it includes allegations that "bribed racist judges" concealed information about a systematic murder plot involving Plaintiff's forced injection with infectious diseases; that "Board defendants and the County declared a pilot program for murder;" and that Defendants injected Plaintiff with drugs to cause psychosis in attempt to conceal their murder plot. *Id.* Jember sues Defendants for retaliation, illegal discrimination, defamation, criminal conspiracy, civil rights violations, and other claims. *Id.* He seeks hundreds of millions of dollars in damages. *Id.*

Jember's complaint is over three hundred pages long and contains mostly repetitive allegations, many of which are implausible (e.g., that Jember was injected with euthanasia drugs), and most of which are difficult to parse. Ultimately, it is impossible to discern from plaintiff's complaint the essential details of the events that triggered his lawsuit. Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the undersigned recommends that the district judge dismiss his complaint pursuant to 28 U.S.C. Section 1915. The undersigned further recommends that the court grant Plaintiff leave to file an amended complaint that complies with Rule 8.

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: 7/13/2017

HOWARD R. LLOYD
United States Magistrate Judge

2