**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ASCHILEW JEMBER,<br>  Plaintiff,<br>v.<br>COUNTY OF SANTA CLARA, et al.,<br>  Defendants. | Case No. 17-cv-03883-BLF<br><br>**ORDER DISMISSING CASE WITH PREJUDICE, TERMINATING APPLICATION TO PROCEED IN FORMA PAUPERIS WITH PREJUDICE, AND DENYING EX PARTE APPLICATIONS**<br><br>[Re: ECF 19, 20, 21, 22] |

On July 27, 2017, Pro se Plaintiff Aschilew Jember ("Jember") filed a first amended complaint ("FAC") against the County of Santa Clara, Valley Medical, Wells Fargo Bank, and eighteen individuals. ECF 21. Jember renewed his application for leave to proceed *in forma pauperis* ("IFP") on July 24, 2017. ECF 20. Jember has also filed two ex parte applications: (1) "Ex parte application for oder [sic] to set aside the order based on magistrate judge disqualified motion to dismiss," ECF 19, and (2) "Ex parte application for order to return all assets rrobbed [sic], all records robbed with three brrief [sic] cases, all ID cards robbed, all cashier checks robbed andd [sic] cease and decease [sic] racist operation." ECF 22. For the reasons explained below, Jember's ex parte applications and his application to proceed *in forma pauperis* are DENIED WITH PREJUDICE. The Court also DISMISSES Jember's first amended complaint WITH PREJUDICE.

**I.   BACKGROUND**

Jember initiated this action on July 10, 2017. ECF 1. Jember declined magistrate judge jurisdiction, ECF 9, and the case was reassigned to this Court, ECF 11. On July 19, 2017, the Court adopted Magistrate Judge Howard R. Lloyd's Report and Recommendation to dismiss

1  Jember's complaint with leave to amend and to deny Jember's application to proceed *in forma*
2  *pauperis* ("IFP") without prejudice. ECF 15.  The Court granted Jember leave to amend his
3  complaint and to resubmit a completed IFP application on or before August 15, 2017. *Id*.  Jember
4  timely filed an IFP application on July 24, 2017, and his first amended complaint on July 27,
5  2017.  ECF 20, 21.  Jember also filed two ex parte applications for various relief. ECF 19, 22.

**II.  LEGAL STANDARD**

The *in forma pauperis* statute, 28 U.S.C. § 1915 accords judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'").  Even a complaint that is not actually delusional, but does not state enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As best the Court can tell, Jember's ex parte application for an order returning all assets robbed is a request for a temporary restraining order ("TRO") to "cease and decease [sic] hate crime managed and financed by the board of supervisors."  ECF 22.  The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in

2

his favor, and [4] that an injunction is in the public interest." *Id*. at 20. Alternatively, an injunction may issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

**III. DISCUSSION**

Jember's FAC fails to cure the deficiencies previously identified by the Court, ECF 15, and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. While the FAC is mostly unclear, Jember describes this case as a suit for damages, robbery and injuries sustained as a result of racial hate crimes and robbery operations. ECF 21. Jember alleges that some of the Defendants manufactured a "bare foot murder guns 5150 and 5250 after a criminal malicious prosecution filed without any notice" and robbed Jember of over 35 million dollars. *Id*. Jember further alleges that the Defendants chained Jember's hands and legs in order to inject him with "252,000,000,000 mgs" of death penalty drugs. *Id*. Many of the claims in the FAC are implausible or unintelligible (e.g., "On July 21, 2014, Jember had been killed," and "[t]he criminal electroconvulsive operation had been knocked off by Jember with their 200 years slavery day dream nightmare delusions for free murder and robbery of all assets on hand.") Jember seeks nearly $1 billion in damages. *Id*.

Although the FAC is only 114 pages long, a significant reduction from the original complaint which included four volumes and over three hundred pages in total, the FAC fails to clarify the allegations against Defendants. The allegations remain repetitive and unclear, making it difficult to identify the legal and factual basis for Jember's claims. As best the Court can tell, Jember attempts to state claims for violations of his constitutional rights under 42 U.S.C. § 1983. The Court infers from the FAC that Jember may have been subject to a California Welfare and Institutions Code § 5150 involuntary psychiatric hold at some point in 2014, over three years before Jember initiated this action. Ultimately, the FAC fails to set forth "a short and plain

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Jember's FAC is not "simple, concise, and direct, stating which defendant is liable to the plaintiff for which wrong." *Chambers v. Los Angeles County*, 474 F. App'x 576 (9th Cir. 2012) (citing *McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996)). The FAC does not identify which causes of action are brought against which defendants, or provide a specific statement of how each named defendant is involved in the underlying facts giving rise to any cause of action. Additionally, nothing in the FAC demonstrates any plausible grounds for relief.

The Court notes that Jember's renewed IFP application contains very little information for the Court to evaluate whether Jember is eligible to proceed IFP. ECF 20. Moreover, the Court is under a continuing duty to dismiss a case filed without a prepayment of the filing fee whenever the Court determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 at 327. The Court has already granted Jember an opportunity to cure the deficiencies in the complaint and IFP application, ECF 15, and determines that further amendment would be futile. The Court DENIES Jember's application to proceed *in forma pauperis* WITH PREJUDICE, and DISMISSES the FAC WITH PREJUDICE.

Because the FAC fails to state a claim on which relief can be granted, Jember's ex parte application for a TRO, ECF 22, cannot establish that Jember is likely to succeed on the merits of his underlying claims. *Winter*, 555 U.S. at 22. Therefore, the Court also DENIES Jember's ex parte application for injunctive relief.

Finally, the Court DENIES Jember's ex parte application for an order to set aside this Court's order adopting Magistrate Judge Lloyd's Report and Recommendation. ECF 19. This Court has the authority to adopt reports and recommendations of magistrate judges in this district regardless of the parties' consent or declination to proceed before a magistrate judge. This Court has jurisdiction over this matter and properly dismissed Jember's original complaint in its order on July 19, 2017. ECF 15. Jember's ex parte application to strike this Court's order is DENIED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Jember's ex parte application for a TRO is DENIED WITH PREJUDICE;

(2) Jember's ex parte application to set aside this Court's previous order is DENIED WITH PREJUDICE;

(3) Jember's application to proceed *in forma pauperis* is DENIED WITH PREJUDICE; and

(4) The FAC is DISMISSED WITH PREJUDICE.

The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2017

BETH LABSON FREEMAN
United States District Judge