# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ASCHILEW JEMBER,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF SANTA CLARA, et al.,<br>　　　　Defendants. | Case No. 17-cv-03883-BLF<br><br>**ORDER STRIKING PLAINTIFF'S FILINGS AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Re: ECF 38, 39, 40] |

Plaintiff Ashilew Jember ("Jember") brought this suit against the County of Santa Clara, Valley Medical, Wells Fargo Bank, and eighteen individuals. ECF 21 ("FAC"). On July 31, 2017, this Court denied Jember's application to proceed *in forma pauperis* ("IFP") and dismissed the case with prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. ECF 24. The Court issued judgment for Defendants and against Plaintiff on July 31, 2017. ECF 25. After judgment was entered, Jember filed several other documents, including a notice of appeal to the United States Court of Appeals for the Ninth Circuit. Jember's motion to proceed in forma pauperis has been denied four times in this case, including one motion to proceed IFP on appeal. *See* ECF 15, 24, 30, 37.

Jember has now filed three documents with the Court: (1) "Motion for Reconsideration by the Presiding Judge Phyllis Hamilton against Judicial Corruption Criminally," ECF 38; (2) a renewed IFP application on appeal, ECF 39; and (3) "Appellant's Information Brief" for Jember's appeal to the Ninth Circuit, ECF 40.

Regarding Jember's renewed application to proceed IFP on appeal, the Court issued an order on August 9, 2017 denying Jember's application to proceed IFP for appellate proceedings

without prejudice to Jember requesting IFP status from the Ninth Circuit. ECF 37. The Court certified pursuant to 28 U.S.C. § 1915(a)(3) that Jember's appeal is not taken in good faith and is frivolous. The Court's determination has not changed, and Jember's renewed motion to proceed IFP for appellate proceedings is DENIED. Again, this order is without prejudice to Jember requesting in forma pauperis status from the Ninth Circuit Court of Appeals.

As for Jember's other filings, it is improper to file an appellate brief in the district court. This Court has no jurisdiction over Jember's appeal. Thus, the Court STRIKES "Appellant's Informal Brief," ECF 40. To the extent he has not already done so, Jember is advised to file his appellate brief with the Court of Appeals for the Ninth Circuit.

The Court now turns to Jember's "Motion for Reconsideration by the Presiding Judge Phyllis Hamilton Against Judicial Corruption Criminally." ECF 38. First, the Court must identify the proper procedural rule under which Jember has submitted his motion. Jember requests that the "presiding judge must strike the entire legal corruption and issue an order to continue the case as filed by laws and rules." ECF 38. There is no authority for Jember's request for the Chief District Judge to review the decisions of an independent District Judge. However, given that Jember is proceeding *pro se*, the Court shall liberally construe Jember's motion and treat it as a timely filed motion to alter or amend judgment under Rule 59(e). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Fed. R. Civ. Proc. 59(e) would be the proper procedural rule for Jember to challenge the Court's final judgment.

Jember filed a notice of appeal on August 8, 2017. ECF 35. The instant motion for reconsideration, which the Court construes as a Rule 59(e) motion, was filed on August 14, 2017. Although the appeal was filed *before* the Rule 59 motion to alter or amend the judgment, this Court has jurisdiction to consider the Rule 59 motion. The Supreme Court has stated that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal ." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58–59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) ("In general, filing of

a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.") (citing *Griggs,* 459 U.S. at 58). However, "in order to prevent unnecessary appellate review," the Federal Rules of Appellate Procedure give the district court "express authority to entertain a timely motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59, even after a notice of appeal ha[s] been filed." *Griggs*, 459 U.S. at 59, 103 S.Ct. at 402.

The Supreme Court in *Griggs* was referring to Federal Rule of Appellate Procedure 4(a), which provides in pertinent part as follows:

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> …
>
> (iv) to alter or amend the judgment under Rule 59;
>
> …
>
> (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)— the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(A) and (B).

So long as Jember filed a *timely* motion to alter or amend the judgment, Federal Rule of Appellate Procedure 4(a)(4)(B)(i) makes clear that the earlier-filed notice of appeal does not become effective until this Court rules on Jember's Rule 59(e) motion. *See Johnson v. Montgomery*, No. 13-07189-VBF, 2014 WL 7338824, at *4 (C.D. Cal. Dec. 15, 2014) (citing *Miller v. Marriott Int'l Inc.*, 300 F.3d 1061, 1064). In order to be timely, Jember was required to file a Rule 59(e) motion no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59 (e). Judgment was entered on July 31, 2017, so Jember had until August 28, 2017 to file a timely Rule 59 motion. Jember's motion for reconsideration, which this Court liberally construes as a motion to alter or amend the judgment under Rule 59, was timely filed on August 14, 2017. The Court

1  therefore retains jurisdiction to consider the instant motion. For the reasons below, Jember's

2  motion to alter or amend the judgment is DENIED.

3   A motion "under Rule 59(e) should not be granted, absent highly unusual circumstances,

4  unless the district court is presented with newly discovered evidence, committed clear error, or if

5  there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253,

6  1254 (9th Cir. 1999) (internal quotation and citation omitted). "A motion for reconsideration

7  'may not be used to raise arguments or present evidence for the first time when they could

8  reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos

9  Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) (quoting *Kona Enters., Inc. v. Estate of

10  Bishop,* 229 F.3d 877, 890 (9th Cir.2000)).

11   The arguments in Jember's motion are mostly unclear, and he repeats many of the

12  allegations presented in his First Amended Complaint and various ex parte applications in this

13  case. Jember challenges this Court's disposition of the case by stating that "the district Judge had

14  dismissed the case with prejudice which means an order for slavery, it should be stricken off

15  record and the lawsuit should continue as filed by laws and rules which will avoid unwarranted

16  special appeals process and possible mass media." ECF 38. Jember further appears to challenge

17  Magistrate Judge Howard R. Lloyd's report and recommendation earlier in this case which

18  recommended dismissal of the original complaint with leave to amend. ECF 12. The Court

19  adopted Judge Lloyd's Report and Recommendation on July 19, 2017. ECF 15. Jember

20  subsequently filed an Amended Complaint on July 27, 2017. ECF 21. This Court also denied

21  Jember's "Ex Parte Application for an Order to Set Aside the Order Based on Magistrate Judge

22  Disqualified Motion to Dismiss," which raised many of the same arguments that appear in the

23  instant motion. ECF 19, 24.

24   Jember continues to argue that this Court's decision "to act based on the criminally filed

25  motion under an excuse recommendation is racist." ECF 38. From what the Court can tell, Jember

26  challenges this Court's adoption of Judge Lloyd's report and recommendation. Jember refers to

27  Magistrate Judge Lloyd as "disqualified" and "self-appointed" most likely because Jember

28  declined Magistrate Judge jurisdiction in this case. ECF 9. However, as made clear in its earlier

4

order, this Court has the authority to adopt reports and recommendations of magistrate judges in this district regardless of the parties' consent or declination to proceed before a magistrate judge. ECF 24. Therefore, Jember's arguments regarding the magistrate judge's authority to issue a Report and Recommendation are misguided. In any event, the Report and Recommendation involved Jember's original complaint, which the Court dismissed with leave to amend. It is this Court's final order denying the Amended Complaint with prejudice that resulted in judgment against Plaintiff. There is simply no authority for Jember's argument that "the dismissal of the complaint based on the disqualified magistrate judge…is a criminal motion for corruption," and there are no grounds for this Court to "issue an order to continue the case as filed by laws and rules."

In sum, the Court properly dismissed Jember's case and issued judgment against him pursuant to 28 U.S.C. § 1915 which grants judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Moreover, Jember's FAC did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. In his motion to alter or amend the judgment, Jember has identified no newly discovered evidence, clear error, or intervening change in law to justify overturning this Court's dismissal of his case. Fed. R. Civ. Proc. 59(e). Accordingly, the Court DENIES Jember's motion to alter or amend judgment under Fed. R. Civ. Proc. 59(e). Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), Jember's notice of appeal becomes effective on the date this Order Denying Plaintiff's Motion to Alter or Amend Judgment is entered.

**IT IS SO ORDERED.**

Dated: August 15, 2017

_____
BETH LABSON FREEMAN
United States District Judge